```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| CONTINENTAL VINEYARD LLC,<br>etc., et al., | )<br>)<br>) |
|         Plaintiffs, | )<br>) |
|   v. | )   No. 12 C 3375 |
| VINIFERA WINE CO., LLC,<br>etc., et al., | )<br>)<br>) |
|         Defendants. | )<br>) |

<u>MEMORANDUM ORDER</u>

This action by two limited liability companies engaged in the production and marketing of wine charges Randy Dzierzawski ("Dzierzawski") and his competing winery with breaches of fiduciary relationships running to plaintiffs. Because federal subject matter jurisdiction is invoked in diversity-of-citizenship terms, plaintiffs' counsel must cure one gaffe in the Complaint.

Complaint ¶¶4 through 7 properly speak to the relevant states of citizenship of the three limited liability company litigants: two plaintiff companies and a defendant company. But Complaint ¶8 erroneously refers to Dzierzawski's Michigan <u>residence</u>, not to his state of citizenship. In that circumstance our Court of Appeals has said repeatedly that "the district court must dismiss the suit" (see, e.g., <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004)).

This Court is loath to act in such Draconian fashion,

especially because a person's residence and his or her state of citizenship so frequently (though not always) coincide. Accordingly this Court is contemporaneously issuing its customary initial scheduling order--<u>but</u> if plaintiffs fail to cure the flaw identified here on or before May 18, 2012 this Court will be constrained to comply with the <u>Adams</u> mandate.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:  May 9, 2012