**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CONTINENTAL VINEYARD LLC, | ) | |
| d/b/a Broken Earth Winery, a Delaware | ) | |
| limited liability company and | ) | |
| INDECK-PASO ROBLES LLC, | ) | |
| a Delaware limited liability company, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-03375 |
| | ) | |
| VINIFERA WINE CO., LLC, | ) | Judge Shadur |
| d/b/a El Camino Winery, a Michigan | ) | |
| limited liability company, and | ) | |
| RANDY DZIERZAWSKI, a resident | ) | |
| of Michigan, | ) | |
| | ) | |
| Defendants. | ) | |

**SECOND AMENDED COMPLAINT**

Plaintiffs Continental Vineyard LLC ("Continental") and Indeck-Paso Robles LLC ("Indeck-Paso"), for their Second Amended Complaint against Defendants Vinifera Wine Co., LLC, d/b/a El Camino Winery ("Vinifera") and Randy Dzierzawski ("Dzierzawski"), state as follows:

**Nature of the Case**

1. This case arises from Dzierzawski's breaches of fiduciary duty to plaintiffs. While serving as an officer and fiduciary of Continental and Indeck-Paso, and in direct breach of his fiduciary duties, Dzierzawski formed Vinifera, a competing business, to sell Vinifera wine to customers with whom Dzierzawski developed relationships solely because of his position with Continental, the funding Continental provided, and expertise Continental brought to bear. Dzierzawski concealed his improper conduct from plaintiffs, placed his own and Vinifera's interests ahead of plaintiffs' interests, and traded upon Continental's long-standing goodwill and

reputation in the winery industry, in order to gain the goodwill and confidence of potential customers.

2.     Vinifera was an instrument Dzierzawski used to accomplish his breaches of duty and tortious conduct.

3.     Plaintiffs seek, among other things, (a) the entry of a preliminary injunction to prevent defendants from continuing their unlawful conduct; (b) the imposition of a constructive trust; (c) an accounting to ensure that the proceeds from defendants' wrongdoing are separately maintained in trust for plaintiffs' benefit and to prevent the defendants from dissipating those proceeds; (d) the assignment to Continental of any contracts defendants have secured which rightfully belong to Continental; (e) a return of all monies paid to Dzierzawski, or anyone acting on his behalf, by plaintiffs during the time of his breaches; and (f) compensatory and punitive damages to be proven at trial.

## Parties

4.     Continental Vineyard LLC, is a Delaware limited liability company whose sole member is Indeck-Paso Robles LLC.

5.     Indeck-Paso Robles LLC is a Delaware limited liability company whose sole member is Indeck Energy Services, Inc., an Illinois corporation with its principal place of business in Wheeling, Illinois.

6.     For diversity purposes, Continental and Indeck-Paso are deemed citizens of Illinois.

7.     Vinifera Wine Co., LLC, d/b/a El Camino Winery, is a limited liability company organized under the laws of Michigan, with its principal place of business in Michigan. Vinifera's members, on information and belief, include citizens of the states of Michigan and

2

California. For diversity purposes, the citizenship of Vinifera is deemed to be either Michigan or California.

8.     Randy Dzierzawski is a resident and citizen of Michigan.

## Jurisdiction and Venue

9.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Venue in this district is proper pursuant to 28 U.S.C. § 1391 because defendants sell wine and otherwise conduct business in this district and have caused injury to plaintiffs in this district.

## Statement of Facts

### *Plaintiffs' Formation and Business*

11.     In June 2005, Gerald Forsythe, the Founder and Chief Executive Officer of Indeck Energy Services, decided to and did form Indeck-Paso to be the holding company of a to-be-formed entity that would operate a winegrape vineyard. Mr. Forsythe was appointed Chairman and Chief Executive Officer of Indeck-Paso and Dzierzawski was appointed Vice-President of Indeck-Paso.

12.     In January 2006, Indeck-Paso purchased the historic 2,500-acre ranch called Shimmin Canyon Vineyard in Paso Robles, California, for approximately $18.5 million. This vineyard had been established in 1973, operating for years as "Continental Vineyards" by innovative grower Herman Schwartz, who embraced and employed sustainable farming techniques at the vineyard. Between 1995 and 1998, Schwartz upgraded the vineyard, replanting the vines and taking special care to use the appropriate planting material for each site in the vineyard.

13.     Indeck-Paso owns the vineyard and Continental is the operating entity. Mr. Forsythe was named Chairman and Chief Executive Officer of Continental and Dzierzawski was named President.  In 2010, Continental began doing business as "Broken Earth Winery."  For ease of reference however, in this Complaint, plaintiffs refer to Continental both before and after it began doing business as Broken Earth Winery, as "Continental."

14.     In his role as President of Continental, Dzierzawski was charged with the development, marketing, and operation of Continental's business.  Dzierzawski held positions with other businesses owned by Mr. Forsythe and split his time among those entities.  However, Mr. Forsythe expected, and was entitled to expect, that Dzierzawski would spend all of his time devoted to Mr. Forsythe's businesses, including Continental.  Dzierzawski was expected to develop, market and grow Continental and create relationships with potential buyers.

15.     From 2006 through 2009, Continental sold its grapes to be crushed, bottled and sold by third parties.  In 2010, Continental began harvesting its grapes and preparing its wine for bottling.  Today, Continental, produces wines that are estate grown, harvested and bottled in Paso Robles.  Approximately 500 acres of the vineyard are planted with premium winegrapes, including Cabernet Sauvignon, Merlot, Syrah, and Chardonnay.  Continental's plan was to develop a presence in the market with the wines it was producing and, over time, expand the types of winegrapes it would grow and the markets it could serve.

16.     Continental is in the business of producing its wine and selling it under its own label to consumers, distributors, and wholesalers within the United States both over the internet and through other sales and marketing techniques.

17.     In the Fall of 2010, Continental hired Chris Cameron, an Australian and internationally renowned winemaker, as its Director of Winemaking.  Mr. Cameron has won

international awards in winemaking and brought with him significant experience in winemaking from Italy, Australia, France and Turkey.

### Dzierzawski's Formation of Vinifera

18.     Also in the Fall of 2010, Dzierzawski and Mr. Cameron, on behalf of Continental, attended a meeting with Great Lakes Wines & Spirits ("Great Lakes"), a distributor located in Grand Rapids, Michigan, with the intention of creating a relationship with Great Lakes for the distribution of Continental's wines to the chain grocery store Meijer.  At that meeting, Great Lakes advised Dzierzawski and Mr. Cameron that it was looking to distribute Zinfandel and Muscato wines, wines that Continental did not produce at that time.

19.     After the meeting with Great Lakes, Dzierzawski developed a business plan to create an entity that would source Zinfandel and Muscato for Meijer and presented that plan to Mr. Forsythe, Continental's CEO, requesting that Mr. Forsythe permit Continental to implement the plan.  This meeting occurred at Mr. Forsythe's offices in Wheeling, Illinois.  In that meeting, Dzierzawski did not disclose to Mr. Forsythe that he was proposing to source any wine for Meijer that Continental was in the business of making itself, like Cabernet Sauvignon, Merlot, Chardonnay, or blends that would include these winegrapes.

20.     Creating an entirely new business that would require marketing and sales efforts by Dzierzawski would have diverted Dzierzawski's attention from Continental's core business. Thus, because Indeck-Paso had already invested approximately $18.5 million in the vineyard, Mr. Forsythe advised Dzierzawski that he was not interested at that time in going forward with Dzierzawski's plan to buy bulk quantities of Muscato and Zinfandel to sell.

21.     In particular, Mr. Forsythe told Dzierzawski that Dzierzawski needed to focus on Continental's wines to make them profitable, but that at some later date Mr. Forsythe would

consider Dzierzawski's proposed plan. Several weeks later, at a meeting in Wheeling, Illinois, Dzierzawski sought Mr. Forsythe's permission a second time to proceed with his proposed business plan. Again, Dzierzawski did not advise Mr. Forsythe that Dzierzawski would source wine under his proposed business plan that was of the same type Continental produced. Mr. Forsythe declined and told Dzierzawski to focus on Continental's current business.

### Operation of Vinifera in Competition with and to the Detriment of Continental and Indeck-Paso

22.     In late 2010, and without disclosure to Mr. Forsythe, Dzierzawski formed Vinifera to pursue the relationship with Meijer for himself. But Dzierzawski did not just sell Muscato and Zinfandel wines to Meijer. Instead, he began to use Vinifera to compete with Continental in the sale of wines that Continental did produce and sell, something he never disclosed to Mr. Forsythe.

23.     Continental sells (among others) the following wines: Shimmin Canyon Cabernet Sauvignon, Shimmin Canyon Reserve Cabernet Sauvignon, Broken Earth Pull Cabernet Sauvignon, Broken Earth Pull Chardonnay, Broken Earth Pull Cabernet Sauvignon/Merlot, Broken Earth Pull Merlot, and Broken Earth Chardonnay.

24.     As of at least June 2011, Dzierzawski, through Vinifera, was bottling, labeling, and selling not only Muscato and Zinfandel, but also began selling thousands of cases of Chardonnay, Cabernet Sauvignon and Cabernet and Merlot blends – the very same types of wine that Continental sells under its Shimmin Canyon or Broken Earth labels. Vinifera continued selling this wine through at least May 2012, and may be continuing to do so today. This was not disclosed to Mr. Forsythe as part of the plan that Dzierzawski presented in late 2010, and was not disclosed at all until February 2012 when Dziersawski came clean after his sales of Cabernet Sauvignon and Chardonnay began to soar.

25.     As one example of Dzierzawski's breach of his duty of loyalty to plaintiffs, at the 2011 Grand Rapids International Wine, Beer, and Food Festival, Dzierzawski, while he was the President of Continental d/b/a Broken Earth and Vice-President of Indeck-Paso, purchased a booth to showcase Vinifera wines.  On the website advertising for the festival, the following appeared:

> Vinifera Wine (Broken Earth) ~ Booth 225
> * Sweet Times Moscato, Paso Robles
> * The Bridge Syrah / Cabernet, Paso Robles
> * The Falls Pinot Grigio, Paso Robles
> * The Mission Cabernet / Merlot, Paso Robles
> * The Oak Chardonnay, Paso Robles
> * The Pier Zinfandel, Paso Robles
> * The Rock Cabernet Sauvignon, Paso Robles
> * Triptych Red, Paso Robles
>   Triptych White, Paso Robles

(See Ex. A hereto at p. 19)

26.     Based on this listing, it is obvious that Dzierzawski and Vinifera have so associated Vinifera wine with Broken Earth that Vinifera is referred to in parentheses as Broken Earth.  Moreover, the first seven wines listed are Vinifera wines and only the last two are Continental or Broken Earth wines.  Further, as stated above, Continental sells Cabernet, Cabernet blends, and Chardonnay.  Yet, Dzierzawski chose, in breach of his fiduciary duties to Continental and Indeck-Paso, to feature *Vinifera* wines instead of Continental wines.  On information and belief, whatever money Dzierzawski made as a result of his appearance at the Grand Rapids Festival went to Vinifera, not to Continental, d/b/a/ Broken Earth, despite the fact that Dzierzawski represented himself and Vinifera as associated with Broken Earth and its long-standing history and goodwill.  Dzierzawski submitted to Continental for reimbursement expenses associated with attending the 2011 Grand Rapids Festival.

7

27.     This listing with the Grand Rapids Festival demonstrates that while Dzierzawski was the President of Continental and Vice-President of Indeck-Paso, through Vinifera, he was competing with these entities in violation of his duty of loyalty and at the expense of Continental and Indeck-Paso's business.

28.     It is highly unlikely that the Grand Rapids Festival was the only opportunity Dzierzawski took to market Vinifera wine instead of and at the expense of Continental wine. However, Continental has not yet had the opportunity for discovery and such information is primarily in the sole possession of defendants.

29.     From late 2010 until at least February 2012, Dzierzawski and Vinifera used Continental's funds, resources, facilities, goodwill, and expertise to develop a competing business and grow Dzierzawski's bank account.  Dzierzawski kept his business to himself and operated Vinifera for his benefit and to the detriment of plaintiffs and their business.

30.     In short, after forming Vinifera, Dzierzawski (i) sold Vinifera wine that competed with the wine Continental sold; (ii) sold Vinifera wine to Continental's current, past, and potential customers; (iii) traveled throughout the United States and engaged in sales and marketing efforts wrongfully using Continental's funds to market and sell Vinifera wine; (iv) devoted unspecified time to the development and operation of Vinifera when that time should have been devoted to the development, management and operation of Continental; (v) wrongfully used the name and goodwill associated with Continental to obtain customers to purchase Vinifera wine; (vi) wrongfully used his position as president of Continental to persuade customers to purchase Vinifera wine when he should have been promoting and selling Continental wine; and (vii) used the expertise of, and association with, Continental to benefit

Vinifera and to obtain customers for Vinifera-labeled wine. Dzierzawski did all of these things without disclosure to or authority from Mr. Forsythe.

31.     On information and belief, Dzierzawski continues to operate Vinifera and sell Vinifera-labeled wine to Continental's current or potential customers, customers Dzierzawski gained only by breaching his fiduciary duties to Continental.

32.     Continental's and Indeck-Paso's protectable interests in their legitimate business opportunities and goodwill have been, and will continue to be, irreparably harmed in the absence of a preliminary and permanent injunction. Legal remedies are inadequate to redress the continuing wrongs of the defendants.

**COUNT I**
**BREACH OF FIDUCIARY DUTY**
**(by Continental against Dzierzawski)**

33.     Plaintiffs reallege and incorporate by reference herein the allegations of Paragraphs 1 through 32.

34.     Dzierzawski was the President of Continental, and therefore, owed fiduciary duties to Continental.

35.     Specifically, Dzierzawski owed fiduciary duties of undivided, unselfish and unqualified loyalty, care, candor and utmost good faith, including to never permit his personal interest to override those of Continental. Those fiduciary duties also included the duty to make full disclosure to Continental of all pertinent facts relating to any business opportunity.

36.     In addition to, or in the alternative, as an agent of Continental with knowledge of Continental's business, Dzierzawski owed Continental a duty not to interfere with Continental's business opportunities, not to solicit for his own gain business opportunities that belonged to

Continental, and not to conceal material facts from Continental relating to business opportunities that belong to Continental for the purpose of diverting those opportunities for his own gain.

37.     Dzierzawski owed Continental the foregoing duties even in the absence of a written covenant not to compete, or similar instrument.

38.     Dzierzawski breached his fiduciary duties to Continental by, among other things:

a.  creating a business that competed with and injured Continental while he was the President of Continental;

b.  using wrongfully Continental's equipment, facilities, assets, goodwill, funds, expertise, and time to advance his own personal gain and the gain of Vinifera, all to the detriment of Continental;

c.  failing to disclose all material facts associated with corporate opportunities for his own personal gain and the gain of Vinifera;

d.  approaching customers and potential customers of Continental in an effort to promote his own personal interests and those of Vinifera, all to the detriment of Continental; and

e.  failing to adequately disclose to Continental his involvement with and intentions relating to Vinifera.

39.     As a direct and proximate consequence of Dzierzawski's breaches of his fiduciary duties, Continental has been damaged in an amount in excess of $75,000, with the precise amount to be determined at trial.

40.     In addition, Dzierzawski's conduct was vexatious, willful and wanton, and Continental is thus entitled to punitive damages.

41.     Continental possesses certain and clearly ascertainable rights that are in need of protection, including: (1) protection from being disparaged; (2) protection from Dzierzawski and Vinifera selling wine or attempting to sell the type of wine that Continental sells to any customers that Dzierzawski met while an officer of Continental; and (3) protection from Dzierzawski using for his or Vinifera's benefit, Continental's goodwill or reputation.

42.     Legal remedies are inadequate to redress such wrongs by Dzierzawski, and Continental will suffer irreparable harm without injunctive relief.

43.     The irreparable harm that Continental will suffer absent injunctive relief outweighs the irreparable harm that Dzierzawski and Vinifera will suffer if the relief is granted.

44.     There is a reasonable likelihood that Continental will prevail on the merits of this claim.

45.     The injunctive relief requested will not harm the public interest.

WHEREFORE, Plaintiffs pray that the Court enter judgment in its favor and against Dzierzawski as follows:

a.     Preliminarily and permanently enjoining Dzierzawski from (i) directly or indirectly, on his own or on behalf of another person or through an agent, disparaging Continental; (ii) directly or indirectly, on his own or on behalf of another person or through an agent, selling wine or attempting to sell the type of wine that Continental sells to any customer(s) that Dzierzawski met while an officer of Continental; and (iii) directly or indirectly, on his own behalf or on behalf of another person or through an agent, using for his or Vinifera's benefit, Continental's goodwill or reputation;

b.     Imposing a constructive trust against the property and assets of Dzierzawski relating to Vinifera;

c.     Requiring Dzierzawski to provide a complete accounting relating to Vinifera of all costs, proceeds, profits, expenditures, assets, liabilities, contracts, future income, and any other financial information in his possession or control;

d.     Ordering Dzierzawski to disgorge to Continental all monies paid to him by Continental for the period in which he was breaching his fiduciary duties to Continental;

e.     Awarding Continental damages in an amount to be proven at trial, but not less than $75,000;

f.     Awarding Continental punitive damages in an amount to be proven at trial;

g.     Awarding Continental its costs; and

h.     Awarding Continental any additional relief that this Court deems is appropriate or just.

## COUNT II
## BREACH OF FIDUCIARY DUTY
### (by Indeck-Paso against Dzierzawski)

46.     Plaintiffs reallege and incorporate by reference herein the allegations of Paragraphs 1 through 32.

47.     Dzierzawski was the Vice-President of Indeck-Paso, and therefore, owed fiduciary duties to Indeck-Paso.

12

48.     Specifically, Dzierzawski owed fiduciary duties of undivided, unselfish and unqualified loyalty, care, candor and utmost good faith, including to never permit his personal interest to override those of Indeck-Paso. Those fiduciary duties also included the duty to make full disclosure to Indeck-Paso of all pertinent facts relating to any business opportunity.

49.     In addition to, or in the alternative, as an agent of Indeck-Paso with knowledge of Indeck-Paso's business, Dzierzawski owed Indeck-Paso a duty not to interfere with Indeck-Paso's business opportunities, not to solicit for his own gain business opportunities that belonged to Indeck-Paso, and not to conceal material facts from Indeck-Paso relating to business opportunities that belong to Indeck-Paso for the purpose of diverting those opportunities for his own gain.

50.     Dzierzawski owed Indeck-Paso the foregoing duties even in the absence of a written covenant not to compete, or similar instrument.

51.     Dzierzawski breached his fiduciary duties to Indeck-Paso by, among other things:

   a.   creating a business that competed with and injured Indeck-Paso while he was the Vice-President of Indeck-Paso;

   b.   diverting and attempting to divert Indeck-Paso corporate opportunities away from Indeck-Paso for his own personal gain and the gain of Vinifera;

   c.   failing to disclose to Indeck-Paso all pertinent facts relating to the nature of the business opportunities of Vinifera; and

   d.   failing to adequately disclose to Indeck-Paso his involvement with and intentions relating to Vinifera.

52.     As a direct and proximate consequence of Dzierzawski's breaches of his fiduciary duties, Indeck-Paso has been damaged in an amount in excess of $75,000, with the precise amount to be determined at trial.

53.     In addition, Dzierzawski's conduct was vexatious, willful and wanton, and Indeck-Paso is thus entitled to punitive damages.

54.     Indeck-Paso possesses certain and clearly ascertainable rights that are in need of protection, including: (1) protection from being disparaged; (2) protection from Dzierzawski and Vinifera selling wine or attempting to sell the type of wine that Continental sells to any customers that Dzierzawski met while an officer of Indeck-Paso; and (3) protection from Dzierzawski using for his or Vinifera's benefit, Indeck-Paso's goodwill or reputation.

55.     Legal remedies are inadequate to redress such wrongs by the Dzierzawski, and Indeck-Paso will suffer irreparable harm without injunctive relief.

56.     The irreparable harm that Indeck-Paso will suffer absent injunctive relief outweighs the irreparable harm that Dzierzawski and Vinifera will suffer if the relief is granted.

57.     There is a reasonable likelihood that Indeck-Paso will prevail on the merits of this claim.

58.     The injunctive relief requested will not harm the public interest.

WHEREFORE, Plaintiffs pray that the Court enter judgment in its favor and against Dzierzawski as follows:

a.     Preliminarily and permanently enjoining Dzierzawski from (i) directly or indirectly, on his own or on behalf of another person or through an agent, disparaging Indeck-Paso; (ii) directly or indirectly, on his own or on behalf of another person or through an agent, selling wine or attempting to

sell the type of wine that Continental sells to any customer(s) that Dzierzawski met while an officer of Indeck-Paso; and (iii) directly or indirectly, on his own behalf or on behalf of another person or through an agent, using for his or Vinifera's benefit, Indeck-Paso's goodwill or reputation.

b.     Imposing a constructive trust against the property and assets of Dzierzawski relating to Vinifera;

c.     Requiring Dzierzawski to provide a complete accounting relating to Vinifera of all costs, proceeds, profits, expenditures, assets, liabilities, contracts, future income, and any other financial information in his possession or control;

d.     Awarding Indeck-Paso damages in an amount to be proven at trial;

e.     Awarding Indeck-Paso punitive damages in an amount to be proven at trial;

f.     Awarding Indeck-Paso its costs; and

g.     Awarding Indeck-Paso any additional relief that this Court deems is appropriate or just.

### COUNT III
### AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (by Plaintiffs against Vinifera)

59.     Plaintiffs reallege and incorporate by reference herein the allegations of Paragraphs 1 through 32.

60.     Dzierzawski performed a series of wrongful acts, including breaching his fiduciary duties to Continental and to Indeck-Paso.

61. His breach of fiduciary duties to Continental and to Indeck-Paso caused injury to Continental and to Indeck-Paso in an amount in excess of $75,000, with the precise amount to be determined at trial.

62. Vinifera aided and abetted Dzierzawski in breaching his fiduciary duties to Continental and to Indeck-Paso.

63. Vinifera knew that Dzierzawski was an officer and fiduciary of both Continental and Indeck-Paso.

64. Vinifera knowingly and substantially assisted Dzierzawski in breaching his fiduciary duties to Continental and to Indeck-Paso.

65. Vinifera was aware of its role when it provided assistance to Dzierzawski in breaching his fiduciary duties to Continental and to Indeck-Paso.

66. Vinifera knew that Dzierzawski's conduct constituted a breach of fiduciary duty, but still gave substantial assistance or encouragement to Dzierzawski to so act.

67. Vinifera's own conduct, separately considered, constitutes a breach of duty to Continental and to Indeck-Paso.

68. Continental and Indeck-Paso possess certain and clearly ascertainable rights that are in need of protection, including: (1) protection from being disparaged; and (2) protection from Dzierzawski and Vinifera selling wine or attempting to sell the type of wine that Continental sells to any customers that Dzierzawski met while an officer of Continental or Indeck-Paso.

69. Legal remedies are inadequate to redress such wrongs by the defendants, and Continental and Indeck-Paso will suffer irreparable harm without injunctive relief.

70.     The irreparable harm that Continental and Indeck-Paso will suffer absent injunctive relief outweighs the irreparable harm that Dzierzawski and Vinifera will suffer if the relief is granted.

71.     There is a reasonable likelihood that Continental and Indeck-Paso will prevail on the merits of this claim.

72.     The injunctive relief requested will not harm the public interest.

WHEREFORE, Plaintiffs pray that the Court enter judgment in its favor and against Vinifera as follows:

> a.     Preliminarily and permanently enjoining Vinifera from (i) directly or indirectly, on its own or on behalf of another person or through an agent, disparaging Continental or Indeck-Paso; and (ii) directly or indirectly, on its own or on behalf of another person or through an agent, selling or attempting to sell the type of wine that Continental sells to any customer(s) that Dzierzawski met while an officer of Continental or Indeck-Paso;
>
> b.     Imposing a constructive trust in favor of Plaintiffs against the property and assets of Vinifera;
>
> c.     Requiring Vinifera to provide a complete accounting relating to Vinifera of all costs, proceeds, profits, expenditures, assets, liabilities, contracts, future income, and any other financial information in its possession or control;
>
> d.     Awarding Plaintiffs damages in an amount to be proven at trial;
>
> e.     Awarding Plaintiffs punitive damages in an amount to be proven at trial;

f.      Awarding Plaintiffs their costs; and

g.      Awarding Plaintiffs any additional relief that this Court deems is appropriate or just.

**COUNT IV**
**UNFAIR COMPETITION**
**(by Plaintiffs against Defendants)**

73.      Plaintiffs reallege and incorporate by reference herein the allegations of Paragraphs 1 through 32.

74.      Vinifera took advantage of information, resources, and customer affiliations of Continental because of Dzierzawski's position with Continental.

75.      Continental and Indeck-Paso invested substantial time, skill and money in developing their business.

76.      Dzierzawski and Vinifera appropriated and used Continental's and Indeck-Paso's business at little or no cost.

77.      Dzierzawski's and Vinifera's appropriation and use of Continental's and Indeck-Paso's name, goodwill, facilities, funds, expertise, and other property was without the authorization or consent of Continental or Indeck-Paso.

78.      Continental and Indeck-Paso were damaged in an amount in excess of $75,000, with the precise amount to be determined at trial, by the appropriation and use of Continental's and Indeck-Paso's name, goodwill, facilities, funds, expertise, and other property.

79.      In the course of Dzierzawski's and Vinifera's business, Dzierzawski and Vinifera deliberately and willfully caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of their goods or services.

80. In the course of Dzierzawski's and Vinifera's business, Dzierzawski and Vinifera deliberately and willfully caused likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Continental or Indeck-Paso.

81. In the course of Dzierzawski's and Vinifera's business, Dzierzawski and Vinifera deliberately and willfully engaged in other conduct which similarly created a likelihood of confusion or misunderstanding.

82. By reason of the conduct alleged above, Dzierzawski and Vinifera engaged in unfair business acts and/or unfair business practices.

83. Continental and Indeck-Paso possess certain and clearly ascertainable rights that are in need of protection, including: (1) protection from Dzierzawski and/or Vinifera engaging in further acts of unfair competition; (2) protection from being disparaged; (3) protection from Dzierzawski and Vinifera selling or attempting to sell the type of wine Continental sells to any customers that Dzierzawski met while an officer of Continental or Indeck-Paso.

84. Legal remedies are inadequate to redress such wrongs by the defendants, and Continental and Indeck-Paso will suffer irreparable harm without injunctive relief.

85. The irreparable harm that Continental and Indeck-Paso will suffer absent injunctive relief outweighs the irreparable harm that Dzierzawski and Vinifera will suffer if the relief is granted.

86. There is a reasonable likelihood that Continental and Indeck-Paso will prevail on the merits of this claim.

87. The injunctive relief requested will not harm the public interest.

WHEREFORE, Plaintiffs pray that the Court enter judgment in its favor and against Dzierzawski and Vinifera as follows:

a.   Preliminarily and permanently enjoining Dzierzawski and Vinifera from (i) appropriating or using Continental's or Indeck-Paso's property without the authorization or consent of Continental or Indeck-Paso; (ii) improperly causing confusion of or misunderstanding as to the source, sponsorship, approval, or certification of their goods or services; (iii) improperly causing confusion or of misunderstanding as to the affiliation, connection, or association with or certification of their business by Continental or Indeck-Paso; (iv) directly or indirectly, on their own or on behalf of another person or through an agent, disparaging Continental or Indeck-Paso; and (v) directly or indirectly, on their own or on behalf of another person or through an agent, selling or attempting to sell the type of wine Continental sells to any customer(s) that Dzierzawski met while an officer of Continental or Indeck Paso;

b.   Requiring Dzierzawski and/or Vinifera to provide a complete accounting relating to Vinifera of all costs, proceeds, profits, expenditures, assets, liabilities, contracts, future income, and any other financial information in their possession or control;

c.   Ordering Defendants to disgorge to Plaintiffs all profits of Vinifera;

d.   Awarding Plaintiffs damages in an amount to be proven at trial;

e.   Awarding Plaintiffs their attorneys' fees and costs; and

f.   Awarding Plaintiffs any additional relief that this Court deems is appropriate or just.

## COUNT V
## UNJUST ENRICHMENT
### (by Plaintiffs against Defendants)

88.     Plaintiffs reallege and incorporate by reference herein the allegations of Paragraphs 1 through 32.

89.     By reason of the conduct alleged above, including the formation and operation of Vinifera, Dzierzawski and Vinifera obtained various benefits, including, but not limited to, income, assets, contracts, goodwill, and future income.

90.     Dzierzawski and Vinifera have unjustly retained these benefits to the detriment of Continental and Indeck-Paso.

91.     Dzierzawski's and Vinifera's retention of these benefits violates fundamental principles of justice, equity, and good conscience.

92.     Dzierzawski and Vinifera have been enriched by receiving and retaining these benefits.

93.     Continental and Indeck-Paso have been impoverished in an amount in excess of $75,000, with the precise amount to be determined at trial, due to that retention.

94.     There is an absence of justification for Dzierzawski's and Vinifera's retention of these benefits.

95.     In addition, Dzierzawski's and Vinifera's conduct was vexatious, willful and wanton, and Plaintiffs are therefore entitled to punitive damages.

WHEREFORE, Plaintiffs pray that the Court enter judgment in its favor and against Mr. Dzierzawski and Vinifera as follows:

a.      Requiring Dzierzawski and/or Vinifera to provide a complete accounting relating to Vinifera of all costs, proceeds, profits, expenditures, assets,

liabilities, contracts, future income, and any other financial information in their possession or control;

b.    Awarding Plaintiffs restitution for the disgorgement of the unjust enrichment;

c.    Requiring Dzierzawski and/or Vinifera to turn over all benefits (including monetary benefits) retained by Vinifera or by Dzierzawski in connection with Vinifera;

d.    Awarding Plaintiffs punitive damages in an amount to be proven at trial;

e.    Awarding Plaintiffs their costs; and

f.    Awarding Plaintiffs any additional relief that this Court deems is appropriate or just.

## COUNT VI
## ACCOUNTING
### (by Plaintiffs against Defendants)

96.    Plaintiffs reallege and incorporate by reference herein the allegations of Paragraphs 1 through 32.

97.    Continental and Indeck-Paso are entitled to an equitable accounting with respect to the funds and other assets obtained improperly by Dzierzawski and Vinifera.

98.    Continental and Indeck-Paso seek an equitable accounting in order to adjust the accounts of the parties and render a judgment for the balance ascertained to be due.

99.    There is an absence of an adequate remedy at law.

100.    Also, Dzierzawski owed fiduciary duties to, and breached his fiduciary duties to, both Continental and Indeck-Paso.

101.　Additionally, there is a need for discovery with regard to the accounts of Dzierzawski and Vinifera.

102.　There is at least some balance due by Dzierzawski and by Vinifera to Continental and to Indeck-Paso.

WHEREFORE, Plaintiffs pray that the Court enter judgment in its favor and against Dzierzawski and Vinifera as follows:

a.　Requiring Dzierzawski and/or Vinifera to provide a complete accounting relating to Vinifera of all costs, proceeds, profits, expenditures, assets, liabilities, contracts, future income, and any other financial information in their possession or control;

b.　Awarding Plaintiffs their costs; and

c.　Awarding Plaintiffs any additional relief that this Court deems is appropriate or just.

## JURY DEMAND

Plaintiffs demand a jury on all Counts so triable.

Dated:  June 29, 2012                    Respectfully submitted,

**CONTINENTAL VINEYARD LLC**, d/b/a
Broken Earth Winery, and **INDECK-PASO
ROBLES LLC**,
Plaintiffs

BY:    /s/  Michael D. Freeborn

Michael D. Freeborn
Kellye L. Fabian
Michael S. Mayer
FREEBORN & PETERS LLP
311 South Wacker, Suite 3000
Chicago, Illinois 60606
Ph: (312) 360-6000
Fx: (312) 360-6575
mfreeborn@freebornpeters.com
kfabian@freebornpeters.com
mmayer@freebornpeters.com

24

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2012, I electronically filed the foregoing Second Amended Complaint with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications of such filing to the below counsel of record:


Arthur J. Howe
Kristen E. Hudson
Schopf & Weiss LLP
One South Wacker Drive, 28th Flr.
Chicago, Illinois 60606
Ph: (312) 701-9300
howe@sw.com
hudson@sw.com

Michael R. Turco
Brooks Wilkins Sharkey & Turco PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Ph: (248) 971-1713
turco@bwst-law.com


                                        /s/   Michael D. Freeborn