IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONTINENTAL VINEYARD LLC, )
et al., )
 )
              Plaintiffs, )
 )
     v. )   Case No. 12 C 3375
 )
**VINIFERA WINE CO., LLC**, et al., )
 )
              Defendants. )

## MEMORANDUM OPINION AND ORDER

Presently before this Court for decision is a motion for protective order (Dkt. No. 126) brought by Vinifera Wine Co., LLC, and Randy Dzierzawski (collectively "Vinifera," treated for convenience as a single noun) under Fed. R. Civ. P. ("Rule") 26(c) to prohibit Continental Vineyard, LLC, and Indeck-Paso Robles, LLC (collectively "Continental," also treated for convenience as a single noun) from enforcing Continental's third set of requests for the production of documents ("Requests").[1] Vinifera's motion attacks the Requests on several grounds: as untimely, as barred by the law of the case, as abusive, as overbroad and as lacking in a legitimate purpose.

On August 7, 2014 this Court ordered fact discovery closed something less than two months later -- on the ensuing October 2 (Dkt. No. 72). Two depositions had yet to be taken when that appointed date arrived, and when this Court was informed that those were all that

---

[1] This opinion does not touch on Continental's pending motion to compel (among other things) the production of documents, for that motion is limited to the first two sets of document production requests served back in 2012 (see Dkt. No. 135 at 1, 12).

remained to be done it ordered that such fact discovery be kept open until the upcoming November 25 (Dkt. No. 77; Oct. 2, 2014 Tr. [Dkt. No. 122] at 3, 5-6).

Because the parties then reported on November 25 that (1) codefendant Dzierzawski had moved for the voluntary dismissal of his pending bankruptcy, thus potentially enabling Continental to complete his previously-interrupted deposition, while (2) the other two depositions had been completed, on that date this Court again kept fact discovery open to allow that Dzierzawski's deposition be taken (Dkt. No. 80; Nov. 25, 2014 Tr. [Dkt. No. 124] at 6). In the meantime Vinifera had moved to quash a subpoena duces tecum ("the Subpoena") that Continental had issued to a nonparty (Dkt. No. 78). Fact discovery was therefore kept open to deal with the Subpoena and the only remaining deposition (Nov. 25, 2014 Tr. at 5-6).

At that point this Court understood that what remained open on both sides was limited to those matters and to each party's attention to the designation of contemplated opinion witnesses and the discovery aspects of their anticipated testimony (id.). This Court certainly had no intention to, and it did not, hold any other aspect of fact discovery open.

So it was not a matter of surprise to this Court that substantial time -- indeed, nearly a year -- elapsed before the issue of discovery closure was again brought before it. That occurred on October 28, 2015, when another member of Continental's litigation team came before this Court to advise that counsel for the parties "had agreed on a tentative schedule to close out discovery, factual and expert" (Oct. 28, 2015 Tr. [Dkt. No. 121] at 2:20-21).[2] With this Court

---

[2] As chance would have it, Vinifera's Chicago counsel who was scheduled to attend that status conference had been delayed and did not arrive in court before the case was called. If that had not occurred, counsel could have adverted to this confirmatory email sent by Vinifera's counsel to Continental's counsel just 2-1/2 hours earlier on October 28 that validates Vinifera's

(continued)

then understanding that completion of the Dzierzawski deposition still remained open as the sole item on the factual-discovery side of that divide, (1) it set a November 30 deadline for that completion and (2) it set an 8:45 a.m. status hearing for that morning to discuss what else remained to be done (the opinion witness aspect) (Oct. 28, 2015 Tr. at 2-3). By the time that November 30 date arrived, however, Continental had already served Vinifera with the Requests on October 30.

As the foregoing narrative explains, this Court had never contemplated or ordered anything other than a very limited window to remain open past October 2, 2014. And although Continental argues that fact discovery did not close until November 30, 2015 (Resp. 3-4), it does not address Vinifera's contention that discovery was kept open solely for that limited purpose. Instead Continental urges that Vinifera "cannot show that discovery closed" on an earlier date, and to that end it points to statements made by this Court that were supposedly "consistent with the fact that discovery had never closed" (Resp. 3). While Continental may be sincere in that contention, it must be viewed as an instance of the wish being father to the thought.

Through its having received random reassignments of cases from the calendars of colleagues who have left this District Court, this Court is well aware that some of them adhere faithfully to the provision of Rule 16(b)(3)(A) that calls in part for initial scheduling orders to

_____

(footnote continued)
current objection as well as this Court's understanding and intention and that might therefore have avoided the current contretemps:

> The only remaining fact discovery is completion of Randy's [Dzierzawski] deposition. If you think we will need 30 days to get that deposition completed, then November 30 is ok with me. But I can make Randy available within a shorter window of time if your schedule permits it.

include deadlines for the completion of discovery and for the filing of motions. But this Court's long tenure as a District Judge (to say nothing of common sense) has invariably confirmed the view that such attempts at crystal balling are futile -- this Court has never seen such a predictive effort that has not been vacated as a case progresses.

Because George Orwell is right in his Animal Farm aphorism that "all animals are equal but some animals are more equal than other," this Court's regular practice in cases assigned to its calendar is to monitor discovery as long as the parties are reasonably pursuing their preparation looking to ultimate disposition of their dispute, and to do so until an informed date for the close of discovery can be set,[3] for which purpose this Court consistently bases the close of discovery on the representations of counsel for the parties. Once that date has been set by this Court with the joint confirmation of counsel for the parties, the corollary is that it is treated as a firm date unless it turns out at the contemporaneous status hearing date that a previously unexpected factor has prevented some aspect of the discovery from being completed. And that is precisely what happened here, where this Court slated November 30, 2015 as the reset date by which the one open aspect of fact discovery was to be completed.

In brief, what had been said here calls for granting the protective order sought by Vinifera and the rejection of the third set of production requests that has belatedly been tendered by Continental. In that respect Continental has not offered up any explanation that could even arguably qualify as the sort of "excusable neglect" that Flint v. City of Belvidere, 791 F.3d 764,

---

[3] In most cases that involves the setting of two dates -- one for the completion of fact discovery and a second for the completion of opinion witness designations and discovery, the latter date often being set at the time of the status hearing that typically coincides with the close of fact discovery.

768 (7th Cir. 2015) and cases cited there say must be present in order for a deadline to be extended after it has already passed.

Nor does Continental point to information that it has since acquired that calls for discovery into previously unexplored areas. Although it suggests that it has since learned that Vinifera may be attempting to render itself judgment-proof (Resp. 2, 6-7, 8-9, 9-10), "there is no right to discovery of assets until judgment is obtained" (Sanderson v. Winner, 507 F.2d 477, 480 (10th Cir. 1974) (per curiam); see also 6 Moore's Federal Practice § 26.41[8][a] (3d ed. 2015)). If Continental does not already possess enough evidence to establish that a prejudgment seizure of property under Rule 64 is warranted, it cannot embark on the fishing expedition permitted only post-judgment by Rule 69(a)(2) on the claimed justification that it also sought equitable remedies in the form of a constructive trust and an accounting (see Resp. 2, 10). It is after all the parties' claims and defenses, not the remedies sought, that set the scope of discovery (see Rule 26(b)(1)). Consequently the information that has assertedly come into Continental's possession recently is not of the sort to justify reopening discovery.

Because what has been said to this point suffices to establish Vinifera's right to a protective order, this Court need not address whether the Subpoena's having been quashed because of the burdens it would impose on a nonparty also means that Vinifera itself would be unduly burdened in producing the requested documents. Instead Vinifera's motion for a protective order prohibiting Continental from enforcing its third set of requests for the production of documents is granted, and that moots the potential question referred to in the preceding sentence. Finally, a status hearing of 8:45 a.m. on February 2, 2016 is set in substitution for several previously-vacated status hearings, this time being held to set a response

date for Continental's pending motion [Dkt. No. 135] and to discuss other aspects of discovery deemed necessary by the parties.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 25, 2016