# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CONTINENTAL VINEYARD LLC**, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 12 C 3375 ) |
| **VINIFERA WINE CO., LLC**, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

This Court pleads guilty to having allowed a long-pending motion in this case to wither on the judicial vine for lack of decision -- precisely the opposite of its normal practice of staying on top of the varying aspects of cases assigned to its calendar. There is really no justification for such delay (indeed, at the end of last month this Court maintained its unbroken record of nearly 37 years of never having had to report any pending motion called for either (1) under the standard set by the so-called Biden Bill or (2) before that, under the reporting requirements established by the Administrative Office of the U.S. Courts).

But no useful purpose would be served by recounting the overwhelming paper blizzard that, since the filing of the motion at issue here, this Court has encountered in multiple cases involving time deadlines or even emergency treatment -- the factors that have given rise to the delay here. Instead it should be made clear as a matter of principle that no litigant should gain or lose substantively in consequence of a judge's difficulties, and that principle of fairness necessarily causes the motion involved here, defendants' effort to obtain sanctions under

Fed. R. Civ. P. ("Rule") 37 (Dkt. No. 159), to be addressed from the perspective of the litigants as of the close-of-discovery date.[1]

Defendants' Rule 37 motion is sufficiently brief to justify its attachment as Ex. 1 to this opinion, rather than this Court's substituting its own description of the motion. Defendants have then filed a more detailed description in an 18-page "Brief in Support of Rule 37 Motion for Discovery Sanctions" (Dkt. No. 163) that provided chapter and verse as to plaintiffs -- principally but not solely co-plaintiff Continental Vineyard LLC ("Continental") -- having withheld, in response to defendants' numerous discovery requests throughout the three year discovery period, information that was essential to defendants' ability to deal with plaintiffs' contentions as to the asserted breach or breaches of fiduciary obligations by co-defendant Randy Dzierzawski. That obstructionism on plaintiffs' part persisted for a period of more than seven months <u>after</u> the extended fact discovery deadline.[2]

In support of defendants' assertion that plaintiffs never varied from their promise of things to come in their July 27, 2012 initial disclosure statement in which they referred only to

---

[1] That same fairness principle has earlier caused this Court, during an October 28, 2016 status hearing, to reject orally (see Oct. 28 Tr. 4:13 to 6:25) the effort then urged by plaintiffs' counsel to torpedo defendants' current motion on the premise that the case had not yet been set for trial under the procedures and timing regularly followed by this Court. That premise, as plaintiffs' counsel would have had it, would have allowed plaintiffs to offer belatedly, for purposes of trial, evidentiary materials that had never been produced by plaintiffs before the close-of-discovery deadline.

[2] This Court's invariable practice in cases assigned to its calendar is not to set a close-of-discovery deadline in the case until both sides confirm that they have reached that stage. In this instance that initially-agreed-on date by the litigants was October 2, 2014, but at the litigants' request this Court allowed "a very limited window to remain open past October 2, 2014" to allow completion of the deposition of defendants' corporate representative, which ran the date to November 30, 2015.

"[c]ompensatory damages in an amount to be determined" (and, more importantly, that plaintiffs never delivered -- until much too late -- on that promise), defendants' 18-page Brief in Support has provided detailed information as to (1) plaintiffs' September 25, 2012 response to defendants' first set of document requests, (2) their April 5, 2013 response to defendants' second set of document requests, (3) their July 29, 2013 response to defendants' first interrogatories and third set of document requests, (4) their August 20, 2014 response to defendants' fourth document requests and (5) their November 30, 2015 supplement to defendants' first interrogatories and third document requests -- but in every instance those responses were really nonresponses, either objecting to the requests as purportedly "premature," or objecting because "Plaintiffs' damages will be subject to expert testimony, and the parties are not yet at that stage of the case," or objecting that the requested records were purportedly irrelevant -- and the list goes on.

But the bottom line is that it was not until April of this year -- months too late -- that plaintiffs produced a report from their opinion witness and concurrently sought to supplement their discovery responses by a first-time production of hundreds of pages as to which defendants have obviously had no opportunity to engage in any necessary discovery. That belatedly tendered documentation includes Continental's Quickbooks data from 2009 to 2016 and other operational records, as well as information regarding claimed lost sales and financial performance from plaintiffs' corporate designee -- information that had previously been represented as unavailable.

Rule 37(c)(1) prescribes the consequences of such conduct in these terms:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

It is unsurprising (though regrettable) that this is not the first time that conduct of the sort evidenced by plaintiffs here has had to be dealt with by a District Judge or, more rarely, by a Court of Appeals. Because District Court opinions (including those by this Court) are nonprecedential, this opinion will not advert to the District Court opinions cited by defendants, though they strongly buttress defendants' motion. Nor will it draw upon Court of Appeals opinions from other circuits, even though they too provide strong support for defendants' position. Instead the discussion by our own Court of Appeals in <u>David v. Caterpillar, Inc.</u>, 324 F.3d 851, 857 (7th Cir. 2003) is particularly instructive:

> This court has stated that "the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." <u>Salgado v. Gen. Motors Corp.</u>, 150 F.3d 735, 742 (7th Cir. 1998). However, we also have stated that "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." <u>Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.</u>, 100 F.3d 1353, 1363 (7th Cir. 1996); see also <u>Salgado</u>, 150 F.3d at 739 (stating that a district court's ruling on a motion to exclude testimony for noncompliance with Rule 26(a) is reviewed for an abuse of discretion and "[u]nder this standard, we shall affirm the judgment of the district court whenever we believe that the district court chose an option that was among those from which we might expect a district court reasonably to choose"). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." <u>Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.</u>, 170 F.3d 985, 993 (10th Cir. 1999). However, we have indicated that the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. See <u>Bronk v. Ineichen</u>, 54 F.3d 425, 428 (7th Cir. 1995) (citing <u>Spray-Rite Serv.</u>

Corp. v. Monsanto Co., 684 F.2d 1226, 1245 (7th Cir. 1982)); see also
Woodworker's Supply, Inc., 170 F.3d at 993.

Here an analysis of those relevant factors reveals that defendants' motion fits them to a "T." Pages 8 through 16 of defendants' Brief in Support (Dkt. No. 163) have set out convincing arguments to justify the remedy of exclusion described in Rule 37 and in the David case. Nonetheless this Court granted both sides' counsel a final opportunity to address the matter on or before November 4, 2016, in response to which defendants submitted a short Reply Brief (Dkt. No. 173) and plaintiffs tendered a bulky submission, comprising a 6-page Supplemental Memorandum (Dkt. No. 174) plus extensive exhibits. Regrettably plaintiffs' submission was totally unimpressive, for it did not really speak to the matters that have been dealt with here, choosing instead to resort in large part to a type of "you're another" approach.

When the underbrush of plaintiff's empty rhetoric is cleared away, it is abundantly clear that their reply has offered no explanation (plausible or otherwise) for their acknowledged failure to comply in a timely fashion. Instead plaintiffs have sought to deflect attention from their own misconduct by attempting to tar defendants with the same brush, even though defendants' nondelivery of documents relied on by their opinion witness until the witness' report of his opinion identified those documents was quite reasonable, and those relied-on documents were provided to plaintiffs' counsel in ample time to enable them to depose that opinion witness before discovery closed. Simply put, that attempt at a sleight-of-hand distraction from the real issues here just won't work.

## **Conclusion**

For the reasons stated in this opinion, defendants' Rule 37 motion for sanctions is granted. On that score plaintiffs are precluded from using the long-withheld information referred

- 5 -

to in defendants' motion and from presenting the lost profit claim for Continental or any separate damage claim for co-plaintiff Indeck-Paso Robles LLC at trial. Finally, this action is set for a next status hearing at 9 a.m. May 5, 2017 to discuss the remaining procedures needed to set the case for trial at an early feasible date.

 

_____
Milton I. Shadur
Senior United States District Judge

Date: April 27, 2017

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONTINENTAL VINEYARD LLC, </br>d/b/a Broken Earth Winery, a Delaware </br>limited liability company, and </br>INDECK-PASO ROBLES LLC, </br>a Delaware limited liability company, </br></br>Plaintiffs, </br>v. </br></br>VINIFERA WINE CO., LLC, </br>d/b/a El Camino Winery, a Michigan </br>limited liability company, and </br>RANDY K. DZIERZAWSKI, </br></br>Defendants. | ) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) </br>) | Case No. 12-cv-03375 </br></br>Hon. Judge M. Shadur |

**DEFENDANTS' RULE 37 MOTION FOR DISCOVERY SANCTIONS**

Defendants Vinifera Wine Co., LLC ("Vinifera") and Randy K. Dzierzawski ("Dzierzawski"), by their counsel, move pursuant to Fed. R. Civ. P. 37 for an order that (i) precludes Plaintiffs Continental Vineyard, LLC ("Continental") and Indeck-Paso Robles, LLC ("Indeck") from introducing as evidence or testifying regarding Continental's sales, financial or production records that they failed to produce during the three-year fact discovery period, (ii) strikes Continental's lost profit claim because it is based on the financial information Plaintiffs held until after fact discovery closed, and (iii) precludes Indeck from presenting any separate damages because it never disclosed any separate damage claim during discovery.

Nothing in this Motion is intended as a personal attack on opposing counsel, but the facts demonstrate that the corporate Plaintiffs failed to satisfy their discovery obligations with conduct that meets the willful or bad faith standard under the applicable Federal Rule. Plaintiffs held back or objected to producing information regarding their alleged damages in violation of the

Ex. 1

Federal Rules of Civil Procedure. Plaintiffs violated Federal Rule 26(a) when they failed to produce records regarding lost sales or alleged lost profits until more than seven months after fact discovery closed.[1] Plaintiffs violated Federal Rule 30(b)(6) by producing a corporate designee who admitted he could not quantify Plaintiffs' damage claim or identify any lost sales, and then subsequently had the same designee purportedly provide the substance of Continental's alleged damages to Plaintiffs' opinion witness. Plaintiffs violated Federal Rules 33 and 34 by failing to produce or make available the information necessary to calculate or test Plaintiffs' lost profit claim. And Plaintiffs violated Federal Rule 26(e) by failing to supplement its non-existent disclosures regarding damages until more than seven months after fact discovery closed.

As a result, Plaintiffs stripped Defendants of their right to examine witnesses or test the factual predicate of Continental's lost profit damage claim during fact discovery. By failing to provide any information regarding Indeck's alleged separate damages, Plaintiffs have denied Defendants the opportunity to test any aspect of Indeck's undisclosed damages. Defendants are therefore respectfully asking this Court to preclude Plaintiffs from using the withheld information, presenting the lost profit claim for Continental or any separate damage claim for Indeck at trial.

Pursuant to L.R. 37(2), defense counsel Michael Turco wrote Plaintiffs' counsel Todd Ohlms seeking Plaintiffs' concurrence in this motion. After good faith efforts, counsel was unable to secure concurrence prior to this filing.

---

[1] The sales and financial documents produced by Plaintiff in April 2016 were provided more than a year and five months after general fact discovery closed on October 2, 2014. (Dkt. 145). The Court allowed "a very limited window to remain open past October 2, 2014", through November 30, 2015, for the deposition of Defendant's corporate representative to be completed. Even if Plaintiffs are given the benefit of the doubt and discovery remained open through November 2015, the document production was still seven months late.

Dated: September 9, 2016

Arthur J. Howe (howe@howe-llc.com)
Howe Law LLC
155 North Wacker Drive, Suite 4250
Chicago, IL 60606
Tel: (312) 600-8336

Michael R. Turco (turco@bwst-law.com)*
Brooks Wilkins Sharkey & Turco PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
* *pro hac vice*

Respectfully submitted,

    /s/Michael R. Turco
One of the Attorneys for Defendants
Vinifera Wine Co., LLC and Randy Dzierzawski

**CERTIFICATE OF SERVICE**

I, Arthur J. Howe, an attorney, hereby certify that on this 9th day of September, 2016, I electronically filed the foregoing *DEFENDANTS' RULE 37 MOTION FOR DISCOVERY SANCTIONS* with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications of such filing to the below counsel of record:

>Michael D. Freeborn
>Todd J. Ohlms
>Ryan W. Blackney
>Freeborn & Peters LLP
>311 South Wacker, Suite 3000
>Chicago, Illinois 60606
>Ph: (312) 360-6000
>mfreeborn@freeborn.com
>tohlms@freeborn.com
>rblackney@freeborn.com

/s/Arthur J. Howe