UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CONTINENTAL VINEYARD LLC and
INDECK-PASO ROBLES LLC,

  Plaintiffs,

 v.

RANDY DZIERZAWSKI and VINIFERA WINE
CO., LLC,

  Defendants.

No. 12 C 3375

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Plaintiffs allege that their former employee, Randy Dzierzawski, injured them by starting a company, Vinifera, that competed with Plaintiffs' business while Dzierzawski was still employed by Plaintiffs. Plaintiffs sought damages for these injuries by making several different legal claims: (1) breach of fiduciary duty of loyalty for failure to act in good faith; (2) breach of fiduciary duty of loyalty for self-dealing; (3) unfair competition; and (4) unjust enrichment. Plaintiffs also separately asked the Court to invoke its equitable authority to disgorge any profits Defendants earned as a result of any of these alleged legal violations. A jury found for Dzierzawski on three of the four claims, the exception being unfair competition. Despite this verdict in Plaintiffs' favor on that single claim, the jury awarded no damages.

Plaintiffs have filed a motion for a new trial under Federal Rule of Civil Procedure 59. Plaintiffs argue that a new trial is necessary because the jury's verdict was inconsistent in two respects: (1) the jury's verdict that Dzierzawski is liable for

unfair competition is inconsistent with the jury's verdict that Dzierzawski is not liable for breach of fiduciary duty of loyalty; and (2) the jury's verdict that Dzierzawski is liable for unfair competition is inconsistent with the jury's award of no damages on that claim.

## Analysis

Under Federal Rule of Civil Procedure 59(a)(1)(A), a court may grant a motion for a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." "A new trial on all claims is the appropriate remedy (rather than judgment as a matter of law) in a case in which the jury has returned inconsistent verdicts." *Deloughery v. City of Chicago*, 422 F.3d 611, 617 (7th Cir. 2005). However, a "party claiming that inconsistent verdicts have been returned is not entitled to a new trial 'unless no rational jury could have brought back' the verdicts that were returned." *Id.* (quoting *Will v. Comprehensive Accounting Corp.*, 776 F.2d 665, 678 (7th Cir. 1985)). "If possible, [a] court must reconcile apparently inconsistent verdicts, rather than overturn them." *Deloughery*, 422 F.3d at 617.

## I. Inconsistent Verdicts for Unfair Competition and Breach of Fiduciary Duty of Loyalty

The Court instructed the jury that in order to find Dzierzawski liable for unfair competition they had to find that he "injured" either plaintiff.[1] Thus, the jury's finding

---

[1] The instruction read in relevant part as follows:

> Plaintiffs claim that the Defendants Randy Dzierzawski and Vinifera Wine Co., LLC engaged in unfair competition. To succeed on this c1aim, Plaintiffs must prove the following by a preponderance of the evidence:

2

of unfair competition liability implies that the jury found that Dzierzawski injured at least one of the plaintiffs.

The Court also instructed the jury that they should find that Dzierzawski breached a fiduciary duty of loyalty to Plaintiffs if (1) he "owed a fiduciary duty of loyalty to either or both Plaintiffs," and (2) he "injured either or both Plaintiffs."[2] The

---

> (1) either or both Plaintiffs were in competition with Vinifera;
> (2) either or both Defendants intended to confuse the public by passing off Vinifera's products or labels or other identifying marks as if they were the products or labels or other identifying marks of either or both Plaintiffs;
> (3) there was a "likelihood of confusion" by the public between either or both Plaintiffs' products and Vinifera's products; and
> (4) either or both Plaintiffs were injured by either or both Defendants' acts.

R. 263 at 29.

[2] The instructions read as follows:

> Plaintiffs claim that Defendant Randy Dzierzawski breached his fiduciary duty of loyalty by failing to act in good faith. To succeed on this claim, Plaintiffs must prove the following by a preponderance of the evidence:
>
> (1) Randy Dzierzawski owed a fiduciary duty of loyalty to either or both Plaintiffs; and
> (2) Randy Dzierzawski:
>   (a) failed to act in the best interests of either or both Plaintiffs; or
>   (b) injured either or both Plaintiffs; or
>   (c) deprived either or both Plaintiffs of profits; or
>   (d) consciously disregarded his obligations to either or both Plaintiffs.

R. 263 at 23.

3

Court instructed the jury further that "[o]fficers of a company owe a fiduciary duty of loyalty to the company." *Id.* at 22. The evidence was such that no reasonable juror could have found that Dzierzawski was not Plaintiffs' officer.

Plaintiffs argue that since the jury found Dzierzawski liable for unfair competition, the jury necessarily found that he injured Plaintiffs. Plaintiffs argue further that since the jury found that Dzierzawski injured them, and the evidence required a finding that Dzierzawski was an officer of Plaintiffs, the jury should have found that Dzierzawski breached his fiduciary duty of loyalty to Plaintiffs.

Dzierzawski argues that the verdicts are not necessarily inconsistent because the "claims protect against different injuries. On the one hand, breach of fiduciary duty protects against injuries flowing from a corporate officer's disregard of his fiduciary duties, and on the other, unfair competition protects against injuries flowing from a likelihood of confusion from two competing brands." R. 283 at 10. This is true as far as it goes. But Dzierzawski's argument—that an injury sufficient to establish liability for one legal claim is not always sufficient to establish liability for a different legal claim—misses the mark here where the claims seek liability for the same underlying conduct. Plaintiffs argue that if Dzierzawski injured them by causing brand confusion, that injury is also sufficient to constitute a breach of fiduciary duty since Dzierzawski was their officer. Dzierzawski does not meaningfully oppose this reasoning.

For these reasons, there is no question that the verdicts are irreconcilably inconsistent. The jury should have been instructed that if they found an injury

4

sufficient to establish liability for unfair competition, they were required to also find liability for breach of fiduciary duty.[3]

The real question here is whether Plaintiffs waived this argument by failing to raise it at the instruction conference or immediately after the jury's verdict. The Second, Tenth, and Ninth Circuits have held that a failure to raise the argument before the jury is discharged constitutes waiver. *See Fox v. Hayes*, 600 F.3d 819, 844 (7th Cir. 2010) (citing *Kosmynka v. Polaris Indus., Inc.*, 462 F.3d 74, 83 (2d Cir. 2006); *Oja v. Howmedica, Inc.*, 111 F.3d 782, 790 (10th Cir. 1997); *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1331 (9th Cir. 1995)). The Seventh Circuit has acknowledged the benefits of such a rule in the context of inconsistency between a general liability verdict and special interrogatories, *see Strauss v. Stratojac Corp.*, 810 F.2d 679, 683-84 (7th Cir. 1987), but has not had occasion to determine whether waiver is appropriate in the context of inconsistency between general verdicts, which is the case here. *See Fox*, 600 F.3d at 844 (citing *Pearson v. Welborn*, 471 F.3d 732, 739 (7th Cir.2006)).[4]

---

[3] Some circuit courts have held that inconsistency of general liability verdicts, like the verdicts at issue here, is an insufficient basis to order a new trial (as opposed to inconsistency of special interrogatories which does require a new trial). *See Venezia v. Bentley Motors, Inc.*, 374 Fed. App'x 765, 768 (9th Cir. 2010) ("But even if the verdicts were inconsistent, inconsistencies between general verdicts on different claims do not merit new trials." (citing *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003))). The Seventh Circuit is not one of them. *See Will*, 776 F.2d at 677 n.5 ("Inconsistent general verdicts may be much rarer, but there is no good reason to treat them differently from inconsistent special verdicts as a rule.").

[4] However, the Seventh Circuit has held that objection to an instruction that improperly permitted an inconsistent verdict of liability and $0 damages can be waived by a failure to preserve it in accordance with Federal Rule of Civil Procedure 51. *See Bogan v. Stroud*, 958 F.2d 180, 182 (7th Cir. 1992) ("We need not address the

Courts that have held that objections to inconsistent general liability verdicts can be waived have done so based on Federal Rule of Civil Procedure 51, which governs objections to jury instructions. *See Jarvis v. Ford Motor Co.,* 283 F.3d 33, 56 (2d Cir. 2002) (Sotomayor, J.) ("Objection to an inconsistency between two general verdicts that is traced to an alleged error in the jury instruction or verdict sheet is properly made under Fed. R. Civ. P. 51."). As noted, Plaintiffs' argument here boils down to an objection that the jury instructions and verdict form should not have permitted the jury to enter a verdict in Plaintiffs' favor on unfair competition while at the same time entering a verdict in Dzierzawski's favor on breach of fiduciary duty. Rule 51 requires that objections to jury instructions be made during a time designated to "give the parties an opportunity to object on the record and out of the jury's hearing before the instructions and arguments are delivered." Fed. R. Civ. P. 51(b)(2), (c)(2)(A). The Court and the parties spent significant time preparing the jury instructions and Plaintiffs failed to object to the aspect of the instructions at issue here. The Court finds that Plaintiffs did not preserve this issue.

However, Rule 51 also provides that a "court may consider a plain error in the instructions that has not been preserved . . . if the error affects substantial rights." Fed. R. Civ. P. 51(d)(2); *cf. Strauss*, 810 F.2d at 683 ("We realize that, at some future date, we might encounter a case where the inconsistency in the special interrogatories is so obvious that it would be proper to hold that the trial judge had an independent

---

merits of this argument because the defendants waived their right to present it on appeal by failing to object to a jury instruction which authorized the verdict.").

6

responsibility to act despite trial counsel's silence."). A party's "substantial rights" are "affected" if the error is "of such great magnitude that it probably changed the outcome of the trial." *Lewis v. City of Chi. Police Dep't*, 590 F.3d 427, 434 (7th Cir. 2009).

Examining only potential liability, it may seem that the jury's failure to find liability for breach of fiduciary duty did not change the outcome of the trial. The jury held Dzierzawski liable for the underlying conduct by finding him liable for unfair competition. The jury then considered whether damages should be awarded for that liability. Simply adding a second liability finding based on this same conduct would not seem to change the outcome of the trial.

A potentially different outcome is present, however, in the different damages available according to the different damages instructions for the two claims. For both claims, the jury was instructed to consider whether Plaintiffs lost profits due to Dzierzawski's conduct.[5] But only the instruction for breach of fiduciary duty

---

[5] The damages instruction for unfair competition provided, in relevant part:

> If either or both Plaintiffs prove the elements of the unfair competition I instructed you about earlier with respect to either or both Defendants, then that Plaintiff is entitled to the losses it sustained as a proximate result of the unfair competition. This means that a Plaintiff is entitled to the profits they would have received but for Defendants' conduct, as well as any expenses that the Plaintiff incurred because of Defendants' conduct.

R. 263 at 35.

7

instructed the jury to consider whether Dzierzawski was unjustly enriched by his breach, and whether those profits should be disgorged.[6]

Thus, whether the Court should excuse Plaintiffs' failure to preserve the issue of inconsistent verdicts depends on whether the flawed jury instructions that caused the inconsistent verdict affected the trial's outcome. This question can only be answered by examining whether there was sufficient evidence for the jury to have imposed damages for a breach of fiduciary duty that they did not consider for unfair

---

[6] The damages instruction for breach of fiduciary of loyalty provided:

> Either or both Plaintiffs are entitled to damages for Defendant Randy Dzierzawski's breach of the fiduciary duty of loyalty (whether by failing to act in good faith or self-dealing) if Plaintiffs prove the elements of the claim I instructed you about earlier, and they prove either or both of the following:
> (1) either or both Plaintiffs suffered damages; and/or
> (2) *Randy Dzierzawski profited as a result of his breach of fiduciary duty*.
>
> One potential form of damages for a breach of fiduciary duty claim is lost profits. If you find that Randy Dziewzawski's breach of fiduciary duty caused either or both Plaintiffs to lose profits, you may only award lost "net" profits. Lost "net" profits are computed by estimating the gross revenue either Plaintiff would have earned but for Defendants' wrongful act, minus "avoided costs." "Avoided costs" are those costs that would have been incurred in connection with the generation of the lost revenues but were not incurred.
>
> *Another potential form of damages for a breach of fiduciary duty claim is disgorgement, which is measured by the unjust enrichment either Defendant received from either Plaintiff.*

R. 263 at 34 (emphasis added).

competition. And that question requires examination of the evidence of any unjust enrichment by Dzierzawski that may have been caused by Dzierzawski's "passing off" Vinifera's products as Plaintiffs' products, which was the basis for the jury finding Dzierzawski liable for unfair competition. If the Court's analysis of the evidence shows that the jury's failure to make a finding about damages according to the instructions for breach of fiduciary duty of loyalty "probably" did not "change the outcome of the trial," *Lewis*, 590 F.3d at 434, the Court will consider the issue waived and will not order a new trial.

Neither party has addressed this question in their briefs. The Court requires further briefing as described in the conclusion paragraph to this opinion.

## II. Inconsistent Verdicts for Unfair Competition Liability and Unfair Competition Damages

In addition to the purported conflict between the verdicts on unfair competition and breach of fiduciary duty, Plaintiffs argue that it was logically inconsistent for the jury to find injury by unfair competition but award no damages for that injury. *See Thomas v. Stalter*, 20 F.3d 298, 303 (7th Cir. 1994) (holding that a "jury's finding of liability is in irreconcilable conflict with its award of zero damages" where the instruction on liability "specifically required the jury to find damages before it could find liability"). But it is logically possible for a jury to find an injury but not award damages because the evidentiary burdens are distinct. *See Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 745 (7th Cir. 1985) ("When determining damages in an unfair trade practices case, the courts distinguish between the amount of proof needed to show that some damages were the certain result of the wrong and the

9

amount of proof needed to ascertain the exact amount of damage."); *see also Chain v. Tropodyne Corp.*, 2000 WL 1888719, at *4 (6th Cir. Dec. 20, 2000) ("In trademark cases courts draw a sharp distinction between proof of the fact of damage and proof of the amount of damage. . . . Once the existence of damages has been shown, all that an award of damages requires is substantial evidence in the record to permit a factfinder to draw reasonable inferences and make a fair and reasonable assessment of the amount of damages."). Even after finding that an injury exists, the jury must determine that there is "substantial evidence in the record to permit a factfinder to draw reasonable inferences and make a fair and reasonable assessment of the amount of damages." *Id.* Thus, the jury's verdict of liability for unfair competition is not necessarily inconsistent with its verdict of $0 damages, and the Court must attempt to "reconcile apparently inconsistent verdicts, rather than overturn them." *Deloughery*, 422 F.3d at 617.

In order to determine whether the unfair competition liability and damages verdicts are inconsistent, the Court must analyze the relevant evidence. The instructions identified the relevant category of evidence:

> If either or both Plaintiffs prove the elements of the unfair competition I instructed you about earlier with respect to either or both Defendants, then that Plaintiff is entitled to the losses it sustained as a proximate result of the unfair competition. This means that a Plaintiff is entitled to the profits they would have received but for Defendants' conduct, as well as any expenses that the Plaintiff incurred because of Defendants' conduct.

R. 263 at 35. Plaintiffs do not argue that this instruction incorrectly limited potential damages. Plaintiffs' motion also does not address the possibility that they failed to

10

prove that they lost profits due to Dzierzawski's unfair competition. The only place in the briefing where Plaintiffs address evidence of damages is with regard to their disgorgement claim, where they identify evidence relevant to Vinifera's profits and Dzierzawski's portion of those profits. But this evidence does not help the Court determine whether *Plaintiffs* lost profits. Further briefing is required on this issue to determine whether the evidence is such that a reasonable jury could have found both liability and $0 damages. If so, the verdict is not inconsistent, and no new trial is required on this basis. However, if the evidence is such that a reasonable jury could not have found $0 damages, then a new trial is required on this claim. *See Deloughery*, 422 F.3d at 617 (a "party claiming that inconsistent verdicts have been returned is not entitled to a new trial unless no rational jury could have brought back the verdicts that were returned.").[7]

### III. Equitable Disgorgement

Plaintiffs also ask the Court to order disgorgement as an equitable remedy. They contend that disgorgement is always available as an equitable remedy no matter the claim. But Plaintiffs have not cited any authority that Michigan law permits disgorgement of a defendant's profits from unfair competition. Plaintiffs

---

[7] As discussed above, Rule 51 requires an inconsistency arising from an erroneous instruction to be preserved before the jury is discharged. But unlike the issue of inconsistency between the fiduciary duty and unfair competition verdicts, the Court does not perceive the potential inconsistency between the unfair competition liability and damages verdicts as deriving from an instructional error; rather any inconsistency is a question of evidentiary weight. And the Seventh Circuit's general requirement of consistent verdicts (*see Deloughery*) would appear to allow Plaintiffs to properly raise and preserve that issue with this post-trial Rule 59 motion.

11

should cite such authority in their brief if they continue to seek such relief from the Court.

## Conclusion

Therefore, Plaintiffs' motion for a new trial, R. 279, is continued pending the Court's consideration of further briefing on the issues identified in this opinion. The parties should prepare briefs of no more than 20 pages and exchange them with each other on January 18, 2019, but not file them with the Court. This exchange is intended to provide the parties the opportunity to address each other's arguments in revised briefs of no more than 25 pages, which they should file with the Court on February 1, 2019. No further briefing will be permitted.

The Court will wait to address Defendants' bill of costs, R. 281, until Plaintiffs' motion for a new trial is fully resolved. The status hearing set for 12/13/18 is vacated. The Court will rule by mail on the continued motion for a new trial.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 12, 2018