**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CONTINENTAL VINEYARD LLC and
INDECK-PASO ROBLES LLC,

        Plaintiffs,

      v.

RANDY DZIERZAWSKI and VINIFERA WINE
CO., LLC,

        Defendants.

No. 12 C 3375

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

A jury found for Defendants on all but an unfair competition claim against defendant Randy Dzierzawski, a former officer of both plaintiff entities. Plaintiffs sought more than $3.5 million in damages. The jury awarded $0, but the Court ordered Dzierzawski to disgorge $285,731 to Plaintiffs. *See* R. 293 (*Cont'l Vineyard LLC v. Dzierzawski*, 2019 WL 2076248, at *1 (N.D. Ill. May 10, 2019)). The judgment was affirmed on appeal. *See Cont'l Vineyard, LLC v. Vinifera Wine Co., LLC*, 973 F.3d 747 (7th Cir. 2020).

The Court ordered any party seeking costs pursuant to Federal Rule of Civil Procedure 54(d)(1) to first file a brief arguing that they are a prevailing party. Plaintiffs filed such a brief. *See* R. 296.

Under Rule 54(d)(1), costs "should be allowed to the prevailing party." In cases where a party prevails on some claims but not others, costs are appropriate for a party

"who prevails as to the substantial part of the litigation." *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996); *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985); *The Medicines Co. v. Mylan Inc.*, 2017 WL 4882379, at *3 (N.D. Ill. Oct. 30, 2017). A district court enjoys "wide discretion in determining and awarding reasonable costs." *Testa,* 89 F.3d at 447.

Whether a party prevailed as to a "substantial part" of the case is necessarily relative to the case as a whole. The absolute or relative amount of monetary relief awarded (i.e., relative to the amount of damages originally sought) is one indication of whether a party prevailed as to a substantial part of the case, but it is not the only factor. The number of claims prevailed upon, and their significance to the case, are also relevant to this analysis.

Plaintiffs cite a number of cases finding judgments of smaller absolute and relative values to demonstrate a substantial victory. But while these cases establish that the Court is within its discretion to find that Plaintiffs won a substantial part of this case, they do not demonstrate why the Court *should* make that finding. In other words, Plaintiffs do not make any argument as to why the monetary award they received is indicative of a substantial victory in the context of this case. Such analysis is particularly necessary here because Plaintiffs won only one claim against one defendant when they asserted eight claims total.[1] *See Springer v. Ethicon, Inc.*, 2018

---

[1] The jury was asked to decide the following four claims against each defendant: (1) breach of fiduciary duty for failure to act in good faith; (2) breach of fiduciary duty for self-dealing; (3) unfair competition; and (4) unjust enrichment. *See* R. 272 (verdict form).

2

WL 1453553, at *12 (N.D. Ill. Mar. 23, 2018) (citing cases denying costs when the plaintiff won only some claims against some defendants).

The primary claims here were for breach of fiduciary duty and unfair competition. Plaintiffs alleged that Dzierzawski breached his fiduciary duty to Plaintiffs because he formed a separate company to take advantage of certain business opportunities that he should have directed to Plaintiffs as their officer. Specifically, Dzierzawski satisfied a deal he made with Meijer Stores to sell it certain varietals of wine by purchasing the wine from Plaintiffs and then reselling it under his own brand name. Plaintiffs alleged both that they lost sales specifically because Dzierzawaski sold their wine under his label and generally because he focused his energy on his own company to Plaintiffs' detriment. Plaintiffs sought more than $2.1 million in lost profits, $191,000 in costs due to Dzierzawski using Plaintiffs' assets for his own benefit, and $408,000 in compensation paid to Dzierzawski during the relevant time period. The jury awarded nothing.

Lost profits are also an available form of damages for an unfair competition claim. To succeed on an unfair competition claim, a plaintiff must prove brand confusion. Unlike the breach of fiduciary duty claim, the jury found for Plaintiffs on unfair competition, presumably because Defendants were reselling Plaintiffs' wine under Defendants' brand without Plaintiffs' express permission. But the $0 in damages indicates that the jury found that any brand confusion was not the source of Plaintiffs' alleged damages. Rather, the jury apparently understood the alleged

damages to be tied to Dzierzawski's alleged breach of fiduciary duty, which the jury rejected.

On post-trial review, the Court ordered disgorgement for unfair competition, an equitable claim that is the purview of a court not a jury. *See* R. 214 (the Court's order addressing this issue). Plaintiffs sought $814,000. But the Court limited disgorgement to net profits from Defendants' sales of wine varietals that Plaintiffs also sold, which amounted to $285,731.

In sum, as Plaintiffs themselves argued at trial, "the heart" of Plaintiffs' case was the claim for breach of fiduciary duty. *See* R. 264 at 50 (closing argument transcript). The jury agreed, such that when they rejected the breach of fiduciary duty claim, they also found $0 damages, despite a finding of brand confusion. The Court also agrees that this case was primarily about Dzierzawski's work for his own company and whether it detracted from his obligations to Plaintiffs and cost Plaintiffs profits. The unfair competition claim, premised on brand confusion, was a secondary theory of the case and aspect of Plaintiffs' damages. Having been awarded nothing based on their primary theory, the Court finds that Plaintiffs did not win a substantial part of the case.

**Conclusion**

Therefore, the Court finds that Plaintiffs are not prevailing parties and they cannot seek costs under Rule 54(d).

ENTERED:

_Thomas M Durkin_
_____

Honorable Thomas M. Durkin
United States District Judge

Dated:  December 8, 2020

5